UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                     **CASE NO: 8:16-cr-420-MSS-TGW-1**

**JAMIL GILMORE**

## ORDER

This matter is before the Court for consideration of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Dkt. 69), the Government's response and supplemental response in opposition thereto, (Dkts. 72, 77), and Defendant's reply in support of the Motion. (Dkt. 81) On February 7, 2017, Defendant pled guilty to possessing a firearm and ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (Dkts. 25, 27) Defendant qualified as an armed career criminal based on prior Florida convictions for (i) possession of cocaine with intent to sell, (ii) delivery of cocaine within 1,000 feet of a public housing facility, and (iii) delivery of cocaine. (Dkt. 43 at ¶¶ 28, 29) On June 2, 2017, Defendant was sentenced to 180 months in prison followed by a term of supervised release of 60 months. (Dkt. 46) In May 2018, this Court granted the Government's Rule 35 motion and reduced Defendant's sentence to 140 months. (Dkts. 60, 61) Defendant is currently incarcerated at Lexington Federal Medical Center in Lexington, Kentucky, is 36 years old, and is projected to be released on October 21, 2026. (Dkt. 72 at 2)

Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a district court to reduce a defendant's sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

§ 3582(c)(1)(A)(i). The First Step Act of 2018 amended the procedural requirements for a motion to reduce sentence to provide compassionate release such that, pursuant to § 3582, a defendant may seek compassionate release from a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. § 3582(c)(1)(A).

Here, Defendant filed a request for compassionate release with the Bureau of Prisons ("BOP") on September 26, 2019, seeking release based on his chronic myelogenous leukemia—a cancer of the bone marrow that leads to overproduction of white blood cells. (Dkt. 72-1) That request was denied on October 22, 2019. (Dkt. 72-2) On May 11, 2020, Defendant's fiancée submitted a second request for compassionate release on his behalf, contending that the spread of COVID-19, combined with Defendant's cancer, constituted "extraordinary and compelling reasons" justifying release. (Dkt. 72-3) The BOP has yet to rule on this request. (Dkt. 72 at 3) Accordingly, and as the Government concedes, Defendant has exhausted his administrative remedies because more than thirty days have lapsed since the BOP's receipt of his second request for compassionate release. (Id. at 15)

Section 3582(c)(1)(A) does not define what constitutes "extraordinary and compelling reasons." 28 U.S.C. § 994(t). Instead, Congress delegated authority to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." Id. The Sentencing Commission's existing policy statement on compassionate release, adopted before the passage of the First Step

Act, is U.S.S.G. § 1B1.13. The Application Notes to § 1B1.13 identify four categories in which extraordinary and compelling circumstances may exist: (1) terminal illness or a serious medical condition or cognitive impairment that substantially diminishes the ability of the defendant to provide self-care in prison and from which he is not expected to recover; (2) advanced age resulting in a serious deterioration in physical or mental health when the defendant has served at least 10 years or 75 percent of his term of imprisonment; (3) family circumstances, such as the death of the caregiver of the defendant's minor children or the incapacitation of defendant's spouse when defendant would be the only available caregiver; and (4) "[a]s determined by the Director of the Bureau of Prisons, [if] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. USSG §1B1.13 Application Note 1(A)-(D). Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG §1B1.13(2). Additionally, the court must consider, in general, whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13. In seeking compassionate release, the defendant "bears the burden of establishing that compassionate release is warranted." United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing United States v. Hamilton, 715 F.3d 328, 341 (11th Cir. 2013)). Even if a defendant meets that burden, "the district court still retains the discretion to determine whether a sentence reduction is warranted." Hamilton, 715 F.3d at 341.

      Defendant contends that he is at high risk of serious illness from contracting

COVID-19. (Dkt. 69 at 1-2)[1] Although Defendant's cancer has been in remission since 2017, he claims that the medication he takes to treat it renders him immunocompromised. (Id.) The Government acknowledges that Defendant is immunocompromised because he "take[s] 100 milligrams daily of Dasatinib, which acts as an immunosuppressant." (Dkt. 72 at 4) This is supported by the medical records attached to the Government's response. (Dkt. 73 at 109 (noting that Defendant's "[m]yeloid leukemia" is "[c]urrently in remission with Dasatinib")) CDC guidance indicates that persons with cancer and compromised immune systems are at higher risk of contracting serious illness from COVID-19. *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited October 2, 2020). Thus, the Government concedes—and the Court agrees—that Defendant's condition constitutes an "extraordinary and compelling reason" for release. (Dkt. 72 at 13); see also United States v. Robinson, No. 18-CR-00597-RS-1, 2020 WL 1982872, at *2 (N.D. Cal. Apr. 27, 2020) (holding that defendant's "immunosuppressant prescriptions and compromised health generally," among other factors, "constitute 'extraordinary and compelling reasons' that justify his immediate release").

This conclusion is not altered by the fact that Defendant tested positive for COVID-19 on May 11, 2020, was quarantined for fourteen days and experienced mild

---

[1] On March 13, 2020, the President of the United States declared a national emergency due to the evolving threat represented by the outbreak and spread of COVID-19 in the United States. *Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak*, whitehouse.gov (March 13, 2020), https://www.whitehouse.gov/presidential-actions/proclamation-declaring-national-emergency-concerning-novel-coronavirus-disease-covid-19-outbreak/. As of October 12, 2020, the Center for Disease Control and Prevention ("CDC") reported 7,740,934 total cases of COVID-19 and 214,108 deaths resulting from the virus. *Cases in the US*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last updated October 12, 2020).

symptoms, and has since recovered. (Dkt. 73 at 5, 12)[2] The Court cannot ignore the "scientific uncertainties surrounding recovery from the virus, including whether those who have recovered from COVID-19 may be susceptible to reinfection." United States v. Martin, No. CR08-244RSL, 2020 WL 4555796, at *4 (W.D. Wash. Aug. 3, 2020). "The Court will not deny defendant's motion for health-based compassionate release based solely upon a speculation that, if he remains incarcerated during the COVID-19 pandemic, he is at reduced risk because he already contracted the virus once." Id.

Although Defendant has established an extraordinary and compelling medical reason for release, his Motion is nevertheless due to be denied because the Section 3553(a) and Section 3142(g) factors weigh against release. Section 3553(a) "requires a court to consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes." United States v. Poole, No. 2:02-CR-20026, 2020 WL 4192280, at *6 (W.D. Tenn. July 14, 2020) (citing 18 U.S.C. § 3553(a)(1)-(2)). Likewise, Section 3142(g) requires consideration of "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

Here, Defendant pled guilty to possessing a firearm and ammunition as a convicted felon. (Dkts. 25, 27) According to the plea agreement, Defendant, a convicted felon, brought a concealed firearm to a club in downtown Tampa, Florida. (Dkt. 25 at 19) Several

---

[2] Although Defendant's Motion is dated June 3, 2020, it does not mention that he tested positive for COVID-19 on May 11, 2020. (Dkt. 69) Notably in this regard, the treating physician in his facility advises that "[inmate] Gilmore is recovered. He had only 3 days of low- grade fever (99) and no other symptoms usually associated with a COVID infection. He is now a month out and is recovered." (Dkt. 74-2)

off-duty police officers received a tip that Defendant had "displayed the firearm" inside the club, whereupon they conducted a Terry stop and found a loaded handgun on Defendant's person. (Id.) Thus, Defendant's conduct in this matter was serious. See United States v. Hudgins, No. CR 12-20421, 2020 WL 5269787, at *2 (E.D. Mich. Sept. 4, 2020) (denying motion for compassionate release where "Defendant's criminal conduct was serious, as he [was] convicted of being a felon in possession of a firearm"). Moreover, Defendant has a significant criminal history, including not only the drug offenses that qualified him as an armed career criminal, but also prior convictions for (i) making a false bomb threat (August 2002), (ii) battery on a law enforcement officer (August 2003), (iii) animal cruelty (May 2006), (iv) possession of a firearm as a convicted felon (June 2006 and August 2008), and (v) improper exhibition of a firearm (December 2014). (Dkt. 43 at ¶¶ 34-49) In addition, Defendant has been in custody since November 2016, meaning that he has served less than half of his 140-month sentence. (Dkt. 72-7 at 3) Although Defendant has taken several positive steps while incarcerated, including receiving his GED and taking vocational courses, (Dkt. 69 at 8), the Court finds that the Section 3553(a) and Section 3142(g) factors weigh against release.

Upon consideration of the foregoing and being otherwise fully advised, it is hereby **ORDERED** that Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Dkt. 69), is **DENIED**.

**DONE and ORDERED** in Tampa, Florida, this 13th day of October 2020.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

- 7 -

Copies to:  Counsel of Record
U.S. Marshal Service
U.S. Probation Office